UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HOOSIERVAC, LLC and | ) | |
| HOOSIERX, LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-424-PPS-JEM |
| | ) | |
| STEPHEN SCOTT, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant H.E.I. Contractors, Inc's Motion for More Definite Statement [DE 96], filed May 5, 2025. HEI requests that the Court order Plaintiffs to provide a more definite statement about the claims alleged against HEI in the complaint. On May 19, 2025, Plaintiffs filed a response to the instant Motion. HEI did not file a reply and the time to do so has passed.

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are

1

disfavored. *See Andrew v. Wexford of Indiana, LLC*, No. 3:21-CV-00374-JD-MGG, 2021 WL 3886607, at *1 (N.D. Ind. Aug. 31, 2021) ("Rule 12(e) motions for more definite statement should not be granted if the movant's purpose is to find more information that could be gathered through actual discovery.") (citing *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011)); *MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.") (quotations omitted).

On February 28, 2025, Plaintiffs were granted leave to file a second amended complaint, which added Defendant HEI to the case. It asserts five causes of action against a multitude of defendants, including ten unnamed defendants. HEI argues that it cannot determine what claims are asserted against it. In its description of the parties, the Complaint includes HEI in a list of entities that "aided in the alleged exclusionary scheme." Compl. ¶ 25. The description of factual allegations includes a number of alleged relationships between various parties, and includes the statement that "H.E.I. personnel have a relationship with the 150 BAs[1]" and that through the many alleged relationships in the list, "the Defendants carried out many of their tactics to eliminate the Plaintiffs from the industry." Later in the Complaint, it uses an event with an HEI worker as an example of union members targeting Plaintiff workers as anti-union, alleging that "an HEI worker bragged about getting [Plaintiff HoosierVac] into trouble based on a false accusation that HoosierVac was working in the 150 with its operators when, in fact, union Member HoosierVac

---

[1] HEI surmises that this term refers to Local 150's business agents, but it is not defined in the Complaint.

employee [] was in the vac truck and had full authority to be in the 150 jurisdiction."

It is entirely unclear what claim(s) are being asserted against HEI. There is no description of the alleged relationships HEI personnel have or how those relationships were part of the alleged scheme against Plaintiffs. The sentence about the HEI worker's allegation is confusing, claiming both that it was false that HoosierVac was "working in the 150" (apparently referring to the geographical area in which the International Union of Operating Engineers Local 150 operates) and that the HoosierVac employee "had full authority" to be there. In Plaintiffs' response to the instant Motion, they assert that this alleged action constitutes "evidence of anti-competitive conduct directed toward Plaintiffs" and that HEI acted in concert with the other defendants in furtherance of a conspiracy. Its after-the-fact explanation does not make it apparent which claims are being asserted against HEI, what specific actions it is alleged to have taken or how those actions are part of a conspiracy. There is no way for HEI to file an Answer, as it has not been given fair notice of the claims against it or the factual basis for those claims.

Plaintiffs request leave to amend the complaint to clarify the claims against HEI, but they do not attach a proposed amended pleading as required by Local Rule 15-1, nor do they explain what amendments they propose with respect to the claims against HEI. N.D. Ind. L.R. 15-1(a) ("Motions to amend a pleading must include the original signed proposed amendment as an attachment."). Plaintiffs may file a properly supported motion to amend, with the proposed amended pleading attached, in accordance with the operative Federal and Local Rules.

Accordingly, the Court hereby **GRANTS** Defendant H.E.I. Contractors, Inc's Motion for More Definite Statement [DE 96] and **ORDERS** Plaintiffs to file, on or before **June 20, 2025**, a more definite statement of their legal and factual allegations against Defendant H.E.I. Contractors,

Inc.

    SO ORDERED this 5th day of June, 2025.

<u>s/ John E. Martin</u>
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record